B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Pretty Girl of Jerome Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Pretty Girl** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**20-1315203** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**3460 Jerome Avenue**<br>**Bronx, NY**<br>ZIP Code **10467** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Bronx** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box)<br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9    ☐ Chapter 15 Petition for Recognition<br>■ Chapter 11       of a Foreign Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13       of a Foreign Nonmain Proceeding |
|---|---|---|

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |
|---|---|---|

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)  Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Pretty Girl of Jerome Corp.** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**See Attachment** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)          (Date) |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Pretty Girl of Jerome Corp.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Sanford P. Rosen**
Signature of Attorney for Debtor(s)

**Sanford P. Rosen (SR-4966)**
Printed Name of Attorney for Debtor(s)

**Rosen & Associates, P.C.**
Firm Name

**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**

Address

**Email: srosen@rosenpc.com**
**(212) 223-1100  Fax: (212) 223-1102**
Telephone Number

**August 31, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Albert Nigri**
Signature of Authorized Individual

**Albert Nigri**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**August 31, 2015**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

In re    **Pretty Girl of Jerome Corp.**                                  ,    Case No. _____

                                    Debtor

# FORM 1. VOLUNTARY PETITION
## <u>Pending Bankruptcy Cases Filed Attachment</u>

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| **Pretty Girl of Fordham Road Corp.**<br>**Southern District of New York** | **15-11199**<br>**Affiliate** | **05/07/15**<br>**Sean H. Lane** |
| **Pretty Girl, Inc.**<br>**Southern District of New York** | **14-11979**<br>**Affiliate** | **07/02/14**<br>**Sean H. Lane** |
| **Roosevelt Fashions Corp. d/b/a Pretty Girl**<br>**Southern District of New York** | **15-11270**<br>**Affiliate** | **05/07/15**<br>**Sean H. Lane** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re                                                                    Chapter 11

PRETTY GIRL OF JEROME CORP.                          Case No.
d/b/a PRETTY GIRL,
                                                   Debtor.
-----------------------------------------------------------x

### DECLARATION OF ALBERT NIGRI
### PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY
### RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

Albert Nigri declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.        I am the sole officer, director, and shareholder of Pretty Girl of Jerome Corp., the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case.  In this capacity, I am familiar with the day-to-day operations, business, and financial affairs of the Debtor.

2.        I submit this Declaration pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") to assist this Court and other parties in interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

3.        Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge and/or information provided to me concerning the operations and financial affairs of the Debtor.  If called upon to testify, I would testify competently to the facts set forth below.  I am authorized to submit this Declaration on behalf of the Debtor.

4.        The Debtor is a corporation organized under the laws of the state of New York.  It maintains its offices at 3460 Jerome Avenue, Bronx, NY 10467 (the "**Premises**").  The

Debtor operates a retail store under the name "Pretty Girl" that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price-conscious women.

5.      The Debtor is an affiliate of Pretty Girl, Inc. ("**Pretty Girl**"), which filed a voluntary petition under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") on July 2, 2014 in the United States Bankruptcy Court for the Southern District of New York (*In re Pretty Girl, Inc.*, 14-11979 (SHL)).  The chapter 11 case of Pretty Girl was converted to one under chapter 7 of the Bankruptcy Code on December 23, 2014.

6.      The Debtor also is an affiliate of Pretty Girl of Fordham Road ("**Fordham**") and Roosevelt Fashions Corp. d/b/a Pretty Girl ("**Roosevelt**"), whose chapter 11 cases currently are pending in this Court (*In re Pretty Girl of Fordham Road Corp.*, Case No. 15-11199 (SHL) and *In re Roosevelt Fashions Corp. d/b/a Pretty Girl*, Case No. 15-11270 (SHL), respectively), and 13 non-debtor affiliated stores (the "**Stores**"), each of which is separately incorporated.  I am the sole shareholder of the Debtor, Pretty Girl, Fordham, Roosevelt, and the Stores.

7.      The Debtor's assets consist of its inventory, which secures its guaranty obligation to repay indebtedness in the amount of approximately $200,000 (the "**Indebtedness**") of Pretty Girl to JPMorgan Chase, N.A. ("**Chase**").  The Indebtedness also is guarantied by each of the Stores, Fordham, and Roosevelt.  PGNY, Inc., a non-debtor affiliate wholly owned by me, also is a guarantor as am I.

8.      As of August 31, 2015, the Debtor's books and records reflect assets totaling approximately $245,000 and liabilities totaling approximately $300,000, exclusive of amounts due to Chase under its guaranty.

9.     The Debtor subleased the Premises from White Plains Sportswear Corp. ("**White Plains**"), who is the lessee under a non-residential real property lease (the "**Lease**") for the Premises by and between White Plains and Luna Brothers Realty Corp., as landlord (the "**Landlord**"), which Lease and sublease expired pursuant to their respective terms on October 31, 2014.  The Debtor remained in the Premises as a month-to-month tenant.

10.     On or about November 19, 2014, the Landlord commenced an action in the Civil Court of the City of New York, County of Bronx, Part 52 against White Plains, seeking a judgment of eviction awarding the Landlord possession of the Premises and a money judgment.

11.     On February 13, 2015, White Plains filed a motion to dismiss the Landlord's complaint.

12.     Thereafter, on or about May 14, 2015, White Plains and the Debtor entered into a stipulation with the Landlord pursuant to which the Debtor was added as a respondent in the action, White Plains agreed to withdraw its motion to dismiss, and the Debtor consented to the entry of a final judgment of possession and the issuance of a warrant of eviction, which was stayed through and including August 31, 2015.

13.     Under the terms of the stipulation, the Landlord agreed to permit the Debtor to remain in the Premises until August 31, 2015 and the Debtor agreed to pay all rent and additional rent in the amount set forth in the Lease.   White Plains also confessed a money judgment in favor of the Landlord in the amount of $295,204.87, representing all use and occupancy owed through May 31, 2015.

14.     At the time of the commencement of the Debtor's chapter 11 case, the warrant had not been executed.

15.     The Debtor commenced its chapter 11 case in order to continue to operate its business at the Premises and to maintain, protect, and preserve its property for the benefit of all of its creditors, including, without limitation, the Landlord and Chase.

**Information Required by Local Rule 1007-2**

16.     Local Rule 1007-2 requires the Debtor to disclose certain information. This information is outlined below and set forth in the schedules attached hereto.

17.     Pursuant to Local Rule 1007-2(a)(4), the Debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of person(s) familiar with the Debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.  Such information is set forth in Exhibit "A" attached hereto.

18.     Pursuant to Local Rule 1007-2(a)(5), the Debtor is required to set forth the following information with respect to each of the holders of its five (5) largest secured claims: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address); the amount of the claim; a brief description and an estimate of the value of the collateral securing the claim; and an indication of whether the claim or lien is disputed.  The Debtor's only secured creditor is Chase, which, as of the commencement of the Debtor's chapter 11 case, has an undisputed claim in the amount of the Indebtedness.  As of the commencement of the Debtor's chapter 11 case, the book value of Debtor's inventory is approximately $115,000.  Chase's contact information is as follows:

JPMorgan Chase Bank, NA
c/o Platzer, Swergold, Levine,

4

Goldberg, Katz & Jaslow, LLP
475 Park Avenue South
New York, NY 10016
Attn: Clifford A. Katz, Esq.

19.     Pursuant to Local Rule 1007-2(a)(6), the Debtor is required to set forth a summary of its assets and liabilities.  A summary of the Debtor's assets and liabilities is set forth in Exhibit "B" attached hereto.

20.     Pursuant to Local Rule 1007-2(a)(7), the Debtor is required to disclose whether any of its securities are publicly held.  None of the Debtor's securities are publicly held.

21.     Pursuant to Local Rule 1007-2(a)(8), the Debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding thereto is pending.  None of the Debtor's property is so held.

22.     Pursuant to Local Rule 1007-2(a)(9), the Debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business.  As set forth above, the Debtor occupies the Premises from which it operates its business.

23.     Pursuant to Local Rule 1007-2(a)(10), the Debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States.  The Debtor's primary assets consist of its inventory.  The Debtor's assets and its books and records are located at the Premises.  None of the Debtor's assets are located outside the territorial limits of the United States.

24.     Pursuant to Local Rule 1007-2(a)(11), the Debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent.  Such information is set forth above.

25.     Pursuant to Local Rule 1007-2(a)(12), the Debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience.  I am the sole officer of the Debtor and have been so since its inception in 2004.

26.     Pursuant to Local Rule 1007-(b)(1)-(2)(A), the Debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and financial and business consultants retained by it for the 30-day period following the filing of its chapter 11 petition.  Pursuant to Local Rule 1007-2(b)(3), the Debtor also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.  All such information is set forth in the interim 30-day budget attached hereto as Exhibit "C."

Dated:  New York, New York
        August 31, 2015

                                        /s/ Albert Nigri
                                        Albert Nigri

6

# EXHIBIT A

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    **Pretty Girl of Jerome Corp.**         Case No. _____

                            Debtor(s)      Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Consolidated Edison, Inc.** **JAF Station** **PO Box 1702** **New York, NY 10116** | **Consolidated Edison, Inc.** **JAF Station** **PO Box 1702** **New York, NY 10116** | **Utilities** | | **1,980.65** |
| **Constellation NewEnergy, Inc.** **14217 Collections Center Drive** **Chicago, IL 60693** | **Constellation NewEnergy, Inc.** **14217 Collections Center Drive** **Chicago, IL 60693** | **Utilities** | | **874.23** |
| **Environmental Control Board** **Peck Slip Station** **PO Box 2307** **New York, NY 10038** | **Environmental Control Board** **Peck Slip Station** **PO Box 2307** **New York, NY 10038** | **Fines** | | **1,300.00** |
| **Glacial Energy** **PO Box 20277** **Waco, TX 76702** | **Glacial Energy** **PO Box 20277** **Waco, TX 76702** | **Utilities** | | **85.53** |
| **Luna Bros. Realty Corp.** **185 Bridge Plaza North** **Suite 212** **Fort Lee, NJ 07024-5900** | **Luna Bros. Realty Corp.** **185 Bridge Plaza North** **Suite 212** **Fort Lee, NJ 07024-5900** | **Rent Arrears** | | **254,078.03** |
| **NYC Department of Finance** **66 John Street** **Room 104** **New York, NY 10038** | **NYC Department of Finance** **66 John Street** **Room 104** **New York, NY 10038** | **Taxes** | | **4,177.00** |
| **Verizon** **PO Box 15124** **Albany, NY 12212-5124** | **Verizon** **PO Box 15124** **Albany, NY 12212-5124** | **Utilities** | | **645.03** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B4 (Official Form 4) (12/07) - Cont.

In re   **Pretty Girl of Jerome Corp.**                                    Case No. _____
_____
Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **August 31, 2015**                    Signature   **/s/ Albert Nigri**
_____
                                            **Albert Nigri**
                                            **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# EXHIBIT B

# PRETTY GIRL OF JEROME CORP.
# Balance Sheet
### As of August 31, 2015

|  | Aug 31, 15 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1110 · Chase Checking | -2,723.25 |
| 1140 · Uncashed Checks | -199.26 |
| **Total Checking/Savings** | -2,922.51 |
| | |
| **Other Current Assets** | |
| 1325 · Due To/From Stores | 88,775.00 |
| 1310 · Inventory | 115,000.00 |
| **Total Other Current Assets** | 203,775.00 |
| | |
| **Total Current Assets** | 200,852.49 |
| | |
| **Fixed Assets** | |
| 1510 · Furniture and Equipment | |
| 1511 · Sign | 3,500.00 |
| 1512 · Air Conditioner | 7,600.00 |
| 1513 · Building Improvements | 13,000.00 |
| 1514 · Accumulated Depreciaton | -24,100.00 |
| **Total 1510 · Furniture and Equipment** | 0.00 |
| | |
| **Total Fixed Assets** | 0.00 |
| | |
| **Other Assets** | |
| 1410 · Security Deposit | 45,104.85 |
| **Total Other Assets** | 45,104.85 |
| | |
| **TOTAL ASSETS** | **245,957.34** |
| | |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 2100 · Accounts Payable | 248,179.84 |
| **Total Accounts Payable** | 248,179.84 |
| | |
| **Other Current Liabilities** | |
| 1321 · Due to/from Pretty Girl | 39,191.40 |
| 2210 · Payroll Liabilities | |
| 2211 · Federal W/T Payable | 8,351.23 |
| 2212 · State & City W/T Payable | 236.30 |
| 2214 · SUI Payable | -568.95 |
| 2216 · Child Support | 72.00 |
| 2210 · Payroll Liabilities - Other | -1,662.01 |

15-12453-shl   Doc 1   Filed 08/31/15   Entered 08/31/15 21:35:51   Main Document
Pg 16 of 23

# PRETTY GIRL OF JEROME CORP.
## Balance Sheet
### As of August 31, 2015

|  | Aug 31, 15 |
|---|---|
| **Total 2210 · Payroll Liabilities** | 6,428.57 |
| | |
| **2220 · Corporate Taxes Payable** | |
|     **2222 · City Corporate Taxes Payable** | 3,177.00 |
|     **2220 · Corporate Taxes Payable - Other** | 1,000.00 |
| **Total 2220 · Corporate Taxes Payable** | 4,177.00 |
| | |
| **Total Other Current Liabilities** | 49,796.97 |
| | |
| **Total Current Liabilities** | 297,976.81 |
| | |
| **Total Liabilities** | 297,976.81 |
| | |
| **Equity** | |
|     **3000 · Retained Earnings** | -149,080.97 |
|     **3100 · Capital Stock** | 100.00 |
|     **Net Income** | 96,961.50 |
| **Total Equity** | -52,019.47 |
| | |
| **TOTAL LIABILITIES & EQUITY** | 245,957.34 |

# EXHIBIT C

**PRETTY GIRL OF JEROME CORP**
**Profit Loss**
**September 2015**

| | Sep 1 - 6, | Week of Sep 7 | Week of Sep 14 | Week of Sep 21 | Sep 28 - 30 | % of Income | Sep 2015 | % of Income |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| 4000 · Sales | 8,900.00 | 18,750.00 | 27,110.00 | 19,740.00 | 15,500.00 | 100.0% | 90,000.00 | 100.0% |
| **Total Income** | 8,900.00 | 18,750.00 | 27,110.00 | 19,740.00 | 15,500.00 | 100.0% | 90,000.00 | 100.0% |
| | | | | | | | | |
| **Cost of Goods Sold** | | | | | | | | |
| 5000 · Purchases | 6,000.00 | 9,000.00 | 8,500.00 | 5,500.00 | 2,000.00 | 12.9% | 31,000.00 | 34.44% |
| Shrinkage | 445.00 | 937.50 | 1,355.50 | 987.00 | 775.00 | 5.0% | 4,500.00 | 5.0% |
| **Total COGS** | 6,445.00 | 9,937.50 | 9,855.50 | 6,487.00 | 2,775.00 | 17.9% | 35,500.00 | 39.44% |
| | | | | | | | | |
| **Gross Profit** | 2,455.00 | 8,812.50 | 17,254.50 | 13,253.00 | 12,725.00 | 82.1% | 54,500.00 | 60.56% |
| | | | | | | | | |
| **Expense** | | | | | | | | |
| 6110 · Salaries & Wages | 0.00 | 0.00 | 6,800.00 | 0.00 | 5,290.00 | 34.13% | 12,090.00 | 13.43% |
| 6150 · Payroll Taxes | 0.00 | 0.00 | 585.87 | 0.00 | 520.00 | 3.36% | 1,105.87 | 1.23% |
| 6160 · NY Disability Insurance | 0.00 | 0.00 | -11.12 | 0.00 | -10.13 | -0.07% | -21.25 | -0.02% |
| 6210 · Rent Expense | | | | | | | | |
| 6211 · Rent | 21,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 21,000.00 | 23.33% |
| 6213 · Utilities Paid to Landlord | | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 0.00 | 0.0% |
| Total 6210 · Rent Expense | 21,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 21,000.00 | 23.33% |
| | | | | | | | | |
| 6220 · Utilities | 0.00 | 0.00 | 3,000.00 | 0.00 | 0.00 | 0.0% | 3,000.00 | 3.33% |
| 6230 · Telephone | 159.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 159.80 | 0.18% |
| 6240 · Carting Expense | 70.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 70.77 | 0.08% |
| 6310 · Store Supplies | 0.00 | 250.00 | 250.00 | 250.00 | 1,295.33 | 8.36% | 2,045.33 | 2.27% |
| 6410 · Merchant Fees | 1,200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0% | 1,200.00 | 1.33% |
| 7210 · Insurance | | | | | | | | |
| 7212 · Liability Insurance | 0.00 | 259.00 | 0.00 | 0.00 | 0.00 | 0.0% | 259.00 | 0.29% |
| Total 7210 · Insurance | 0.00 | 259.00 | 0.00 | 0.00 | 0.00 | 0.0% | 259.00 | 0.29% |
| | | | | | | | | |
| **Management Fee** | | | | | | | | |
| Mangement Fee | 267.00 | 562.50 | 813.30 | 592.20 | 465.00 | 3.0% | 2,700.00 | 3.0% |
| Total 7220 · Taxes | 267.00 | 562.50 | 813.30 | 592.20 | 465.00 | 3.0% | 2,700.00 | 3.0% |
| | | | | | | | | |
| **Total Expense** | 22,697.57 | 1,071.50 | 11,438.05 | 842.20 | 7,560.20 | 48.78% | 43,608.52 | 48.46% |
| | | | | | | | | |
| **Net Ordinary Income** | -20,242.57 | 7,741.00 | 5,816.45 | 12,410.80 | 5,164.80 | 33.32% | 10,890.48 | 12.1% |
| | | | | | | | | |
| **Net Income** | -20,242.57 | 7,741.00 | 5,816.45 | 12,410.80 | 5,164.80 | 33.32% | 10,890.48 | 12.1% |

## CERTIFICATE OF CORPORATE RESOLUTIONS
## OF PRETTY GIRL OF JEROME CORP.

The undersigned, the President of Pretty Girl of Jerome Corp., a corporation organized under the laws of the state of New York (the "**Company**"), does hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "**Board**"), and they have not been modified or rescinded and are still in full force and effect on the date hereof:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

RESOLVED, that the President and any other person designated and so authorized to act (each, an "**Authorized Officer**") be, and hereby are, authorized, empowered, and directed, in the name and on behalf of the Company to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time as said Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the law firm of Rosen & Associates, P.C., 747 Third Avenue, New York, NY 10017-2803, is hereby employed as attorneys for the Company in the Company's chapter 11 case; and it is further

RESOLVED, that each Authorized Officer be, and hereby is, authorized on behalf of the Company to execute and file all petitions, schedules, motions, lists, applications, and other papers and to take and perform any and all actions which he/she may deem necessary or proper in connection with such proceedings under chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that any and all past actions heretofore taken by each Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

IN WITNESS WHEREOF, I have hereunto set my hand this 31st day of August 2015.

**Pretty Girl of Jerome Corp.**

By: /s/ Albert Nigri
      Albert Nigri
      President

# United States Bankruptcy Court
## Southern District of New York

In re __Pretty Girl of Jerome Corp._____,

Debtor

Case No. _____

Chapter_____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Albert Nigri**<br>**1950 E. 19th Street**<br>**Brooklyn, NY 11229** | **Common Stock** | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**August 31, 2015**_____          Signature __**/s/ Albert Nigri**_____

**Albert Nigri**
**President**

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

___**0**___ continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of New York

In re   **Pretty Girl of Jerome Corp.**                                    Case No.   _____

                                             Debtor(s)      Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **August 31, 2015**               **/s/ Albert Nigri**

                                             **Albert Nigri/President**
                                             Signer/Title

CONSOLIDATED EDISON, INC.
JAF STATION
PO BOX 1702
NEW YORK, NY 10116


CONSTELLATION NEWENERGY, INC.
14217 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693


ENVIRONMENTAL CONTROL BOARD
PECK SLIP STATION
PO BOX 2307
NEW YORK, NY 10038


GLACIAL ENERGY
PO BOX 20277
WACO, TX 76702


LUNA BROS. REALTY CORP.
185 BRIDGE PLAZA NORTH
SUITE 212
FORT LEE, NJ 07024-5900


NYC DEPARTMENT OF FINANCE
66 JOHN STREET
ROOM 104
NEW YORK, NY 10038


VERIZON
PO BOX 15124
ALBANY, NY 12212-5124

# United States Bankruptcy Court
## Southern District of New York

In re    **Pretty Girl of Jerome Corp.**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Pretty Girl of Jerome Corp.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**August 31, 2015**

Date

**/s/ Sanford P. Rosen**

**Sanford P. Rosen (SR-4966)**

Signature of Attorney or Litigant

Counsel for   **Pretty Girl of Jerome Corp.**

**Rosen & Associates, P.C.**
**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**
**(212) 223-1100 Fax:(212) 223-1102**
**srosen@rosenpc.com**